UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMMI I. GRIFFIN,

    Plaintiff,

v.                                                Case No: 6:17-cv-1748-Orl-TBS

GAETAN L. BLANCHETTE,

    Defendant.

## ORDER[1]

This matter comes before the Court without argument on Plaintiff's Third Amended Motion to Strike Dr. Reginald Tall as an Expert (Doc 44). Defendant Gaetan L. Blanchette has filed her response in opposition to the motion (Doc. 47).

Plaintiff was injured in a motor vehicle accident which she alleges was caused by Defendant's negligence (Doc. 2). Plaintiff claims to have "suffered bodily injuries and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money" as a direct and proximate cause of Defendant's negligence (Id., ¶ 7). Defendant, a resident of Ontario, Canada, removed the case to this Court (Doc. 1).

The Case Management and Scheduling Order established a November 1, 2018 discovery deadline (Doc. 11 at 1). On motion the Court extended the deadline to November 23, 2018 (Doc. 32). The Court also extended the deadlines for expert disclosures to July 13, 2018 for Plaintiff and September 10, 2018 for Defendant (Doc. 25).

---

[1] On September 14, 2018, the parties consented to proceed before a United States Magistrate Judge for all proceedings (Doc. (34-35). Accordingly, the case was referred to me by the district judge's order of reference on September 18, 2018 (Doc. 36).

Defendant retained orthopedic surgeon Dr. Reginald Tall "to review the medical records and films; perform a medical examination of Plaintiff; and determine the extent to which Plaintiff's past and future medical treatment was necessitated by the [January, 2014] accident" (Doc. 47 at 2-3). Dr. Tall examined Plaintiff and produced his report (Id. at 3; Doc. 47-2), which he later supplemented with analysis of Plaintiff's recent medical treatment (Doc. 47-3).

Plaintiff is asking the Court to strike Dr. Tall as a witness because he has failed to appear his deposition on three occasions: September 21, 2018 (due to illness), October 15, 2015 (because Dr. Tall was "in surgery"), and November 7, 2018 (because the doctor "had an emergency") (Doc. 44). Plaintiff argues that Dr. Tall's actions evince a complete disregard for the discovery process and this Court's Orders (Doc. 44 at 2-3). She has paid court reporter fees in connection with at least two of these cancellations (Id., ¶ 8; Doc. 44-1 at 19; Doc. 44, ¶ 9; Doc. 44-1 at 21). Plaintiff argues that "the only reasonable cure" for Dr. Tall's failure to sit for his deposition is to strike him as a witness (Doc. 44, ¶ 14).

Defendant argues that the motion to strike should be denied because "Dr. Tall has articulated legitimate reasons for the cancellations," "Dr. Tall's testimony is crucial to the defense of this lawsuit," "Plaintiff's current prejudice is not extensive," and "Plaintiff's current prejudice can be cured." (Doc. 47). Defendant denies Plaintiff's characterization of Dr. Tall's actions and argues that he has made every effort to participate in discovery as shown by the fact that "[w]hen Plaintiff set Dr. Tall for deposition, Defendant served a written response to the duces tecum portions of the deposition notice, and produced responsive documents," (Id. at 3) (Doc. 47-4 at 1-10).

The Court may "impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2); see also FED.

R. Civ. P. 37(d)(1)(A). While striking the witness is a possible sanction it is a drastic remedy and one that is universally disfavored by courts in this jurisdiction. See Fox v. Safeco Ins. Co, of Ill., Case No. 8:16-cv-2665-T-23JSS, 2017 WL 3537593, at *4 (M.D. Fla. Aug. 17, 2017) (citing Shaw v. Pizza Hut of Am., Inc., No. 808-CV-27-T-24EAJ, 2009 WL 1228440, at *2 (M.D. Fla. May 4, 2009)); Gazzara v. Pulte Home Corp., Case No. 6:16-cv-657-Orl-31TBS, 2016 WL 7228848, at *2 (M.D. Fla. Dec. 7, 2016); Bingham v. Baycare Health Sys., Case No. 8:14-cv-73-T-23JSS, 2016 WL 5106946, at *4 (M.D. Fla. Sept. 20, 2016); Butler v. Goodyear Tire & Rubber Co., No. CV413-235, 2014 WL 7272604, at *4 n.6 (S.D. Ga. Dec. 18, 2014); Ingole v. Certain Underwriters at Lloyd's of London, Case No, 8:08-cv-1089-T-27EAJ, 2009 WL 10670569, at *2 (M.D. Fla. May 13, 2009); Gillman v. United States, Case No. 04-22511-CIV-MARTINEZ-KLEIN, 2006 WL 8431810, at *1 (S.D. Fla. Mar. 16, 2006).

Unless the case is on the eve of trial, it is more preferable "to re-open discovery for the limited purpose of allowing Plaintiff[ ] to take the deposition" as a way of ameliorating the prejudice. See Fox, 2017 WL 3537593, at *4 (citing Engle v. Taco Bell of Am., Inc., No. 8:09-cv-2102-T-33TBM, 2011 WL 883639, at *2 (M.D. Fla. Mar. 14, 2011)). In determining whether to re-open discovery to allow Plaintiff to take Dr. Tall's deposition the Court considers:

> 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and 6) the likelihood that the discovery will lead to relevant evidence.

Durden v. Citicorp Tr. Bank, FSB, No. 3:07-CV-974-J-34JRK, 2008 WL 11318338, at *7 (M.D. Fla. Nov. 25, 2008) (citing Smith v. United States, 834 F.2d 166, 169 (10th Cir.

1987)). Applying the Durden factors, the Court finds that the April 1, 2019 trial date is not imminent; the request is opposed; re-opening discovery would not prejudice Defendant; Plaintiff was diligent in trying to secure Dr. Tall's deposition before the discovery deadline; the prejudice to Plaintiff (she would be "unable to adequately prepare for trial without knowing certain information, which, depending on the substance of the answers, affects both trial preparation and trial strategy") is alleviated if she is given the opportunity to depose Dr. Tall; there is no foreseeable need for additional discovery after the deposition; and there is a substantial likelihood that Dr. Tall's deposition will lead to relevant evidence as he "is the only defense expert to have examined Plaintiff. He is also the only defense expert who could opine on Plaintiff's surgical needs." (Doc. 47 at 4).

Accordingly:

(1) Plaintiff's Motion to Strike (Doc. 44) is **GRANTED** to the extent it seeks to recover from Dr. Tall, the cancellation fees paid to the court reporters and Plaintiff's attorney's fees to appear for each of the three cancelled depositions. This award is made pursuant to FED. R. CIV. P. 30(d)(2). The parties shall agree on the amount of costs and fees or, if they are unable to agree, Plaintiff shall have **14 days** from the rendition of this Order to file her motion for fees and costs and Dr. Tall will be allowed **14 days** to respond.

(2) Plaintiff's motion to strike Dr. Tall as a witness is **DENIED**.

(3) Discovery is re-opened **until January 5, 2019** for the sole purpose of permitting Plaintiff to depose Dr. Tall.

(4) The deadline for dispositive motions and *Daubert* motions is extended to **January 19, 2019**.

(5) No further alterations in the case schedule will be granted except to prevent manifest injustice.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record